No. 3274.—STATE OF LOUISIANA *v.* MECHANICS' AND TRADERS' BANK.

The free banking law of the State which exempts banks organized under its provisions from the payment of a license, does not exempt such banks from the imposition of a tax on capital. On the contrary, the statute expressly provides for such a tax.

A taxpayer who fails to make complaint of excessive valuation within the time allowed by law for that purpose, can not afterward be heard unless he first show some valid reason for not having made such effort; second, he must show some grave error to his prejudice; and third, its precise amount, failing in which, judgment will be given against him for the amount of the assessment

APPEAL from the Third District Court, parish of Orleans. *Emerson, J. S. Belden* and *Hornor & Benedict*, for the State, appellee. *Randolph, Singleton & Browne*, for defendant and appellant.

HOWE, J. Suit for State tax on capital and real estate. Defendant pleaded a general denial, an exemption from taxation under the banking laws of 1853 and 1855, and an exemption of its capital as being nearly all composed of bonds not taxable.

*First*—The free banking laws which, according to the decision in — An. p.—, inhibit the imposition of a license, do not inhibit the imposition of a tax on capital; on the contrary, they especially provide for such a tax. Acts 1853, pp. 311, 335.

*Second*—The defendant, on the trial, offered to prove that a part of its capital consisted of bonds exempt by law from taxation. The court refused to receive the testimony, and the defendant excepted. The statement offered, and annexed to the bill of exceptions, showed that if the testimony had been received, the capital still liable to taxa-

tion would have amounted to $262,000, while the amount assessed was $300,000. The whole capital is $750,000. From this, it is claimed, must be deducted bonds not taxable, $398,000, and real estate already taxed, $90,000, which leaves the $262,000 above mentioned. The discrepancy is hardly so great as to support the allegation of the answer "that nearly all its capital consists of bonds specially exempted from taxation." Again, the item of $398,000 is composed of city bonds and Jackson Railroad bonds. It may well be that the assessors estimated these at their real, and not their nominal value, and that their estimate was correct, and that there really was a balance of $300,000 of capital left subject by law to be taxed. The bill of exceptions does not inform us that the item of $398,000 bonds is a statement of their real market value. It may be their face value, and they may be worth less than par.

We do not think the court erred in excluding the testimony. In New Orleans *v.* Lesseps, 11 An. 251, and State *v.* Southern Steamship Company, 13 An. 497, the rule seems to have been settled that one sued for taxes, when he has made no effort in the way pointed out by law to correct the assessment, can not go behind it to show that it is excessive, unless he show: First, some valid reason for not having made such effort; second, grave error to his prejudice; and third, its precise amount. No such showing is made in the case at bar. On the contrary, the impression left by the record is that the assessment was correct. We see no error in the judgment in favor of plaintiff.

Judgment affirmed.